UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────

MICHAEL C. WILLIAMS,

        Petitioner,

     -v-                        07-CV-0822(MAT)
                                       **ORDER**

ROBERT KIRKPATRICK,

        Respondent.
─────────────────────────────

## I.    Introduction

*Pro se* petitioner Michael C. Williams ("petitioner"), has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in New York State Supreme Court, Monroe County, of Robbery in the Second Degree (N.Y. Penal L. § 160.10(2)) and Grand Larceny in the Fourth Degree (N.Y. Penal L. § 155.30(5)).

## II.  Factual Background and Procedural History

Petitioner's convictions stem from an incident occurring on February 16, 2002, in the Corn Hill neighborhood of Rochester, wherein petitioner approached Maria Milazzo ("the victim"), who was with her two-year-old daughter, and demanded money from the victim at gunpoint. When the victim responded that she did not have any money, petitioner frisked her. Petitioner took the victim's cell phone out of her coat pocket, and continued to demand money. The victim was ultimately able to run away and call 911. Trial Tr. 158-168.

Rochester Police Officers responded a few minutes later, and apprehended petitioner a short distance from the encounter based on the victim's description of her assailant. Petitioner was then identified in a show-up, and later gave a statement to police that he had approached the victim and asked her for money. The police also recovered the victim's cell phone and a toy gun near the scene of the attack. Supp. Hr'g Mins. dated 5/17/2002 at 6-13, 17, 46, 48-52, 54, 60-62; Supp. Hr'g Mins. dated 6/18/2002 at 20, 23; Resp't Appendix ("Appx.") C, p. 9.

Following a pre-trial hearing, the court denied petitioner's motion to suppress, finding that police had reasonable suspicion to justify pursuit of petitioner, and that there was probable cause to believe that petitioner was the assailant at the time of his arrest. Appx. C, p. 54-69.

After a jury trial before Justice Kenneth R. Fisher, petitioner was convicted of second-degree robbery and fourth-degree grand larceny. Prior to sentencing, a hearing was conducted pursuant to N.Y. Penal L. § 70.08, after which the court adjudicated the petitioner a persistent violent felony offender ("PVFO"). He was subsequently sentenced to concurrent, indeterminate terms of imprisonment, the longest of which was twenty years to life. Sentencing Tr. 13-14.

Through counsel, petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, on the

following grounds: (1) police did not have reasonable suspicion to justify petitioner's pursuit; (2) police lacked probable cause for petitioner's arrest; (3) the documents admitted at the sentencing hearing were testimonial hearsay in violation of petitioner's right to confrontation; (4) the seven-month delay between conviction and sentencing caused the sentencing court to lose jurisdiction. Appx. B. The judgment of conviction was unanimously affirmed by the Fourth Department. <u>People v. Williams</u>, 30 A.D.3d 980 (4th Dept. 2005), <u>lv. denied</u>, 7 N.Y.3d 852 (2006).

In April 2004, petitioner moved to vacate his sentence pursuant to New York Crim. Proc. L. ("C.P.L.") § 440.20 in Monroe County Supreme Court on the grounds that he was illegally sentenced as a persistent violent felony offender. Appx. J. That motion was denied by a written Decision and Order on August 30, 2004. Appx. L. Leave to appeal that decision was subsequently denied by the Appellate Division. Appx. O.

Petitioner then brought the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising various claims challenging the constitutionality of his seizure and arrest and his sentencing proceedings. Petition ("Pet.") ¶ 12.

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

## III. Discussion

### A.  General Principles Applicable to Federal Habeas Review

#### 1.  Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Merits of the Petition**

    **1.    Petitioner's Fourth Amendment Claims are Not Cognizable on Habeas Review**

In grounds one and two of the instant petition, petitioner claims that Rochester Police Officers did not have reasonable suspicion to justify petitioner's pursuit and lacked probable cause to arrest him. Pet. ¶ 12, Grounds One and Two. The trial court denied petitioner's motion to suppress following a two-day hearing. On direct appeal, the Fourth Department rejected petitioner's contentions, concluding that, "[u]pon apprehending defendant, the police had reasonable suspicion to transport him in a patrol car to the scene of the crime for a showup identification procedure, and they had probable cause to arrest defendant after the victim identified him as the robber." <u>Williams</u>, 30 A.D.3d at 981.

Respondent correctly argues that petitioner's Fourth Amendment claims are barred from habeas review unless the state denied him a full and fair opportunity to litigate that claim, citing <u>Stone v. Powell</u>, 428 U.S. 465 (1976). "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." <u>Stone</u>, 428 U.S. at 494 (footnotes omitted). The Second Circuit has noted that <u>Stone</u> requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment

claim." <u>Gates v. Henderson</u>, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), <u>cert. denied</u>, 434 U.S. 1038 (1978) (emphasis added). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." <u>Id.</u> at 840; <u>accord</u> <u>Capellan v. Riley</u>, 975 F.2d 67, 70 (2d Cir. 1992).

First, petitioner cannot argue that the state failed to provide a corrective procedure to redress his Fourth Amendment claim. "The federal courts have approved New York's procedure for litigating Fourth Amendment claims ... as being facially adequate." <u>Holmes v. Scully</u>, 706 F.Supp. 195, 201 (E.D.N.Y. 1989) (citing <u>Gates</u>, 568 F.2d at 837 & n. 4; <u>Shaw v. Scully</u>, 654 F.Supp. 859, 864 (S.D.N.Y. 1987)). Thus, in light of New York's established procedure, <u>see</u> C.P.L. §§ 710.10-710.70, federal habeas review of petitioner's Fourth Amendment claim is not warranted unless petitioner can demonstrate that he was precluded from using the available procedure due to an unconscionable breakdown in the review process. <u>Shaw</u>, 654 F.Supp. at 864. An "unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a

civilized society." <u>Cappiello v. Hoke</u>, 698 F.Supp. 1042, 1050 (E.D.N.Y.1988), aff'd, 852 F.2d 59 (2d Cir.1988) (per curiam); <u>accord</u>, <u>Capellan</u>, 975 F.2d at 70 (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an unconscionable breakdown).

In this case, petitioner fully availed himself of New York's corrective procedures. The trial court granted a hearing on petitioner's suppression motion, in which both the prosecutor and defense counsel presented evidence. Based on the testimony at that hearing, the trial court issued a thorough and comprehensive written decision denying petitioner's motion, making factual findings and legal conclusions in support of its decision. <u>See</u> Supp. Hr'g Mins dated 5/17/2002 and 6/18/2002; Appx. C at 54-69. Petitioner then appealed the result of that hearing on direct appeal, which the Fourth Department rejected on the merits. <u>Williams</u>, 30 A.D.3d at 981. Petitioner is thus precluded from raising his Fourth Amendment claims on habeas review because he was provided with, and took full advantage of, the opportunity to adjudicate this matter in state court. Moreover, petitioner has not alleged, nor can I discern from the record, that an "unconscionable breakdown" occurred in the state courts. Because petitioner's Fourth Amendment claims are not reviewable in this habeas proceeding, grounds one and two of the petition are dismissed.

## 2. Petitioner's Sentencing Claims do not State a Basis for Habeas Relief

In grounds three through six of his habeas petition, petitioner raises various challenges to his adjudication as a persistent violent felony offender ("PVFO") and subsequent sentencing. Pet. ¶ 12, Grounds Three through Six. Specifically, petitioner avers that: (1) the documents admitted at the PVFO hearing constituted testimonial hearsay, violating petitioner's right to confrontation[1]; (2) his adjudication as a PVFO violated the holding of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); and (3) petitioner received ineffective assistance of trial counsel at the PVFO hearing. <u>Id.</u> Petitioner raised his <u>Apprendi</u> and ineffective assistance of counsel claims in a motion to set aside his sentence pursuant to C.P.L. § 440.20 in state court, which were denied on the merits. <u>See</u> Appx. J, L. His <u>Crawford</u> claim was raised on direct appeal, and also rejected on the merits. <u>See</u> Appx. B, <u>People v. Williams</u>, 30 A.D.3d 980 (2006).

### a. <u>Crawford</u> Claim

Petitioner claims that the documents upon which the sentencing court relied in determining his status as a PVFO were based on inadmissible hearsay in violation of <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

---

[1] <u>See</u> <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) (Holding that testimonial, out-of-court statements are barred by the Sixth Amendment unless witnesses are unavailable and defendant had prior opportunity to cross-examine witnesses).

After petitioner's trial, the prosecution gave notice that they intended to sentence petitioner as a predicate violent felon based on two prior violent felony convictions--first degree robbery in 1980 and second degree robbery in 1995. Petitioner denied that he was previously convicted as alleged, and a hearing was subsequently held on April 2, 2003, to determine his status as a PVFO. <u>See</u> PVFO Hr'g Mins dated 4/2/2003 at 6. The prosecution presented the following documents at the hearing: certificates of conviction for petitioner's 1980 and 1995 robbery convictions; a second felony information from his 1995 conviction; and a fingerprint affidavit from the Chief of the Criminal History Bureau for the New York State Division of Criminal Justice Services.[2] Defense counsel objected to the admission of the affidavit on hearsay and authentication grounds, and argued that the petitioner's constitutional right to confrontation was violated. The trial court overruled counsel's objections. PVFO Hr'g Mins. dated 4/2/2003 at 17, 24, 31-50; PVFO Hr'g Mins dated 4/3/2003 at 2-3; Sentencing Mins. 2, 24.

On direct appeal, the Fourth Department rejected petitioner's <u>Crawford</u> claim on the merits. <u>Williams</u>, 30 A.D.3d at 982.

The Confrontation Clause of the Sixth Amendment provides,

---

[2] The document consisted of an affidavit with four attached fingerprint cards. The affidavit portion stated, in part, that the fingerprint cards had been compared by the staff at The NYS Division of Criminal Justice Services to petitioner's fingerprints and matched.

"[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." U.S. Const. amend. VI.   However,  "[b]oth the Supreme Court and [the Second Circuit] ... have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." United States v. Martinez, 413 F.3d 239, 242 (2d Cir. 2005) (citing Williams v. Oklahoma, 358 U.S. 576, 584 (1959)); see also Archo v. Walker, No. 01 Civ. 1367(NRB), 2001 WL 856608, *4 (S.D.N.Y. July 27, 2001) ("Unlike at trial, a sentencing judge need not apply the usual evidentiary rules and may consider a much wider range of information."); People v. Leon, 10 N.Y.3d 122, 124 (2008) (Rejecting appellant's Crawford claim in context of persistent violent felony offender hearing, reasoning that right to confrontation is a trial right that does not apply to sentencing proceedings).  Accordingly, petitioner cannot show that he had a constitutional right to confrontation at his persistent violent felony offender hearing.

I note that, while petitioner has not framed his argument as a due process violation, there is no reason to conclude that the sentencing court relied on misinformation in imposing its sentence. See Townsend v. Burke, 334 U.S. 736, 741 (1948) (in non-capital cases, due process is satisfied so long as a sentence is not based on "materially untrue" information); compare Torres v. Berbary, 340

F.3d 63, 72 (2d Cir. 2003) (holding that due process was violated by resentencing given trial court's sole reliance on a hearsay report that contained only uncorroborated statements of an unnamed informant).

In rejecting petitioner's constitutional argument, the Appellate Division did not render a decision that was an unreasonable application of, nor contrary to the Supreme Court holding in <u>Crawford v. Washington</u>. This claim is therefore dismissed.

### b. **<u>Apprendi</u>** Claim

In grounds four and five of his petition, petitioner alleges that the sentencing court's PVFO adjudication violated <u>Apprendi v. New Jersey</u>, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The § 440.20 court rejected petitioner's claim on the merits.[3] Appx. L.

In New York, a persistent violent felony offender is "a person who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony

---

[3] In denying petitioner's motion to vacate the sentence, the state court relied on <u>People v. Rosen</u>, 96 N.Y.2d 239 (2001), which specifically rejected constitutional challenges to New York's Persistent Felony Offender Statute. <u>See</u> N.Y. Penal L. § 70.10. Nonetheless, the court further reasoned that petitioner's sentencing under § 70.08 fell within the exception provided by <u>Apprendi</u> itself that prior convictions can be considered at sentencing without regard to the jury having considered them. Appx. L at p.4.

convictions . . . ." N.Y. Penal L. § 70.08(1)(a). Upon the state court's finding of qualifying predicate convictions, the statute mandates the imposition of an indeterminate sentence with a maximum of life imprisonment. Id. § 70.08(2). The enhanced sentencing provided for in § 70.08 is based solely upon the finding of two or more prior violent felony convictions. The sentencing court's enhancement in petitioner's case, then, was consistent with the clearly established federal law as determined by the Supreme Court in Apprendi. See also, Almendarez-Torrez v. United States, 523 U.S. 224, 239-247 (1998).[4] Accordingly, the state court's determination was not contrary to, or an unreasonable application of Supreme Court precedent.

---

[4] The Court notes that the Second Circuit has recently determined that New York's Persistent Felony Offender statute, codified at N.Y. Penal L. § 70.10, is violative of the Sixth Amendment. See Besser v. Walsh, 601 F.3d 163, 169 (2d Cir. 2010). Section 70.10, unlike § 70.08, permits the imposition of an enhanced sentence based on judicial findings of fact beyond that of a prior conviction. See N.Y. Penal L. § 70.10. The Besser court made clear, however, that § 70.08, the PVFO statute, was not at issue in that decision. Besser, 601 F.3d at 170 n.5. Accordingly, petitioner's sentence under the PVFO statute is not constitutionally infirm. See Quan v. Potter, No. 06-CV-4841, 2007 WL 3223217, at *3 (E.D.N.Y. Oct. 29, 2007) ("[A]n enhancement based on § 70.08 relies solely upon the court's finding of the qualifying prior convictions. The enhancement thus falls within the exception to the Apprendi rule. Unlike § 70.10, the discretionary persistent felony offender statute which raises Sixth Amendment concerns, § 70.08, the mandatory persistent felony offender statute does not implicate Quan's Sixth Amendment right to a jury determination.") (citations omitted); Jackson v. Conway, No. 07-CV-06364T, 2010 WL 2010924, *2 (W.D.N.Y. May 18, 2010) (the holding in Besser is inapplicable to a petitioner's sentence under § 70.08); Antinuche v. Zon, No.. 1:05-cv-01246-ENV, 2010 WL 2035795, *11 (E.D.N.Y. May 20, 2010) ("New York's PVFO statute relies solely upon the court's finding of qualifying prior convictions to impose a sentence above what would otherwise be the statutory maximum . . . . Accordingly, the PVFO statute falls squarely within Apprendi's exception for sentence enhancements based solely on prior convictions.") (citations omitted).

### c.   Ineffective Assistance of Counsel

Finally, petitioner contends that his attorney was ineffective for "waiving a hearing without the client being present in violent persistent hearing after challenging all prior convictions. Pet. ¶ 12, Ground Six. As the state court observed in denying petitioner's § 440.20 motion, petitioner and his attorney were present at the three-day hearing to determine petitioner's status as a persistent felony offender. Petitioner has therefore failed to state a factual basis for habeas relief, and this claim is dismissed.

## IV.  Conclusion

For the reasons stated above, Michael Williams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed.   Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).   The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

                                    s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                              United States District Judge

Dated:    June 3, 2010
          Rochester, New York